```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| WARREN HILL, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEPTUNE INVESTORS, LLC, et al. | : | NO. 20-452 |

## MEMORANDUM

Bartle, J.                                          September 3, 2020

On July 17, 2020, plaintiff Warren Hill, LLC ("Warren Hill") filed a motion to compel compliance with this court's expedited discovery order. Specifically it asked the court to order defendants to produce certain documents ("Exhibit 1 documents") and to submit to the court for in camera review certain other documents which defendants had withheld on the ground of attorney-client privilege ("Exhibit 2 documents").

After a telephone conference with counsel, the court entered an order concerning the Exhibit 1 documents. It also ordered defendants to produce the Exhibit 2 documents for in camera review. The court thereafter received and reviewed the Exhibit 2 documents and on August 12, 2020 granted in part and denied in part their production.

Before the court is the defendants' motion for reconsideration with respect to its August 12, 2020 order compelling production of documents Nos. 8 (with attachment) and 318(b), which are part of the Exhibit 2 documents. Defendants

argue that Warren Hill sought production of these documents solely based on the crime-fraud exception and that the court erred in failing to hold a hearing to afford defendants an opportunity to argue and present evidence that the crime-fraud exception was not applicable.  See, Haines v. Leggett Grp., 975 F.2d 81 (3d Cir. 1992).  In support of their motion for reconsideration, defendants cite Max's Seafood Café v. Quinteros, which allows for such a motion to "correct a clear error of law or fact or to prevent manifest injustice." 176 F.3d 669, 677 (3d Cir. 1999).

Contrary to defendants' position, the court did not read Warren Hill's motion as relying solely on the crime-fraud exception to obtain documents Nos. 8 and 318(b).  In its brief in support of its motion, Warren Hill begins the argument as to the Exhibit 2 documents by stating "AHG is improperly withholding certain documents, claiming that the documents are privileged."  In its August 12, 2020 order compelling production, the court did not reference the crime-fraud exception.  While it did not so state, the court premised its order on its finding that the documents ordered produced were not privileged, and thus the court did not have to reach the issue of crime-fraud exception.

Florida law governs the applicability of attorney-client privilege here since this is a diversity action

and the two documents in issue were generated and thereafter transmitted in that state to either in-house or outside counsel of AHG Group, LLC ("AHG Group").  See Fed. R. Evid. 501.  Warren Hill cited several Florida cases in its original brief for the proposition that the attorney-client privilege does not apply if the document was not privileged when originally in the hands of the client.  A document does not magically metamorphose into a document protected by the attorney-client privilege simply because a client later sends it to his or her lawyer. Gene Harris of AHG Group prepared the attachment to document No. 8.  The attachment is entitled AHG Group Fair Market Valuation and concerns the value of the entity's assets.  Harris later provided it to Aaron Gorovitz, his business partner, as well as to the AHG Group's in-house lawyer.  This document evaluating the assets of the entity was not privileged when prepared and thus does not become privileged because it ended up in counsel's hands.  See Sweetapple Broeker v. Varkas, P.C. v. Simmons, 151 So.3d 42 (Fla Dist. Ct. App. 2014); Greenberg Taurig Hoffman Lipoff Rosen & Quentel, P.A. v. Bolton, 706 So.2d 97 (Fla. Dist. Ct. App. 1998).

     Moreover, the transmittal email itself, a part of document No. 8, is not privileged since Harris sent it not only to inside counsel but to his business partner.  The email from its wording served at least in part a business purpose.

Defendants have not shown that the transmittal was primarily for legal purposes. Under Florida law, the document is discoverable under these circumstances. See Badger Auctioneers, Inc. v. Ali, Civil Action No. 16-0572, 2017 WL 4423618, at *3 (M.D. Fla. October 5, 2017); In re Seroquel Products Liab. Litig., Civil Action No. 06-md-1769, 2008 WL 1995058 at *4 (M.D. Fla. May 7, 2008).

Document 318(b), in a similar vein, details the assets of SFR Equities, LLC, was prepared by Gene Harris, and then forwarded to an outside attorney. It was not privileged when prepared except for the last sentence which begins with the words "Does this . . .?" Defendants are correct that that sentence makes a request of the attorney and is privileged.

Accordingly, the court will deny the motion for reconsideration except for the last sentence in document 318(b). The defendants have not otherwise met the requirements of Max's Seafood Café, 176 F.3d 669.