IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC              :          CIVIL ACTION
                              :
        v.                    :
                              :
NEPTUNE INVESTORS, LLC et al. :          NO. 20-452

MEMORANDUM

Bartle, J.                                October 22, 2020


        Plaintiff Warren Hill, LLC ("Warren Hill") has sued
defendants Neptune Investors, LLC, AHG Group, LLC, AHG Group
Holdings, LLC, HFP Investors, LLC, Gorovitz Family Limited
Partnership, CHGO Real Estate Consulting Group, LLC, and Gene
Harris ("defendants") in this diversity action for violation of
the Pennsylvania Uniform Voidable Transactions Act, 12 Pa. C.S.
§ 5101, and for unjust enrichment.  The gravamen of the amended
complaint is alleged fraudulent transfers of assets, including a
45 percent membership interest in Blue Stone Finance, LLC
("BSF"), to defendants by SFR Equities, LLC ("SFR").  Warren
Hill is the judgment-creditor and SFR is the judgment-debtor in
a prior lawsuit heard before this court, Warren Hill v. SFR
Equities, LLC, Civil Action No. 18-1228, 2019 WL 3304693 (E.D.
Pa. July 23, 2019).

        Before the court is the motion of defendants for
summary judgment under Rule 56 of the Federal Rules of Civil

Procedure based on defendants' fourth affirmative defense
asserted in their answer.  That defense avers that Warren Hill
has failed to join indispensable parties and that these entities
"would be impacted by virtue of the relief sought within the
Amended Complaint."  Specifically, defendants assert that BSF
and its members[1] are indispensable parties to this action.  One
of BSF's members, NAI Ark Funding, LLC, has a member, David
Reape, who is a citizen of Pennsylvania.   Plaintiff Warren
Hill's members are all citizens of the Commonwealth.  See
Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir.
2010).  If the court finds that BSF should be joined in this
action as a defendant, the court's subject matter jurisdiction
based on complete diversity of citizenship would be destroyed.

        At the outset, we note that the motion of defendants
for summary judgment is not the proper motion to advance in
connection to the alleged failure to join indispensable parties.
Defendants should have instead filed a motion to dismiss
pursuant to Rule 12(b)(1) for lack of subject matter
jurisdiction and Rule 12(b)(7) for failure to join an
indispensable party under Rule 19.  See Ricci v. State Bd. of

---

1.   BSF has six members: AHG Group Holdings, LLC; HFP
Investors, LLC; Gorovitz Family Limited Partnership; BHF
Investments, LLC; NAI Ark Funding, LLC; and the Eleven Corp.
BHF Investments, LLC, NAI Ark Funding, LLC, and the Eleven Corp.
currently are not parties to this action.

<u>Law Examiners</u>, 569 F.2d 782, 784 (3d Cir. 1978).  Nonetheless, the court will construe this motion as if properly denominated under Rule 12(b)(1) and Rule 12(b)(7).

I.

As set forth in more detail in the court's decisions in <u>Warren Hill, LLC v. SFR Equities, LLC</u>, Warren Hill owned a membership interest in a company, Vendor Assistance Program ("VAP"), which it sold to SFR effective January 1, 2016.  As part of the agreement of sale, SFR agreed to pay Warren Hill a portion of VAP's income for 2016, 2017, and 2018.   When SFR failed to pay Warren Hill the entire portion of the income to which Warren Hill was entitled, Warren Hill brought suit in this court.

On July 23, 2019, this court entered summary judgment in favor of Warren Hill and against SFR on liability.  On December 3, 2019, the court entered summary judgment as to damages in favor of Warren Hill and against SFR for a total judgment of $6,226,688.19.

SFR subsequently filed a notice of appeal.  Since SFR did not file a bond, Warren Hill seeks to execute on the judgment entered against SFR.  <u>See</u> Fed. R. Civ. P. 62(b); Fed. R. App. P. 8(a)(1).  Over the past two years and during the course of the previous litigation, SFR transferred almost all of its assets to defendants, including its 45 percent ownership of

-3-

BSF, which it transferred to AHG Group Holdings, LLC, HFP Investors, LLC, and Gorovitz Family Limited Partnership, all of which are members of BSF.  Defendants deny that any transfers were improper.

As part of its effort to satisfy the judgment entered in its favor in the previous action, Warren Hill has sued defendants in this matter since SFR has virtually no remaining assets after its transfers to defendants.  SFR is affiliated in one way or another with all of the entities to which it transferred its assets.  Defendants and SFR are all owned and controlled by Alan Ginsberg, Gene Harris, and Aaron Gorovitz.

II.

In deciding a motion to dismiss under Rule 12(b)(7) for failure to join a party under Rule 19, a court must first determine whether a party is necessary under Rule 19(a) and then whether it is indispensable under Rule 19(b).  Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Rule 19(a) requires that a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a)(1)(B). Rule 19(b) provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine

-4-

whether, in equity and good conscience, the action should
proceed among the existing parties or should be dismissed."
Fed. R. Civ. P. 19(b).

In determining whether a party is necessary under Rule
19(a)(1), the court must look to whether complete relief can be
granted "to persons already named as parties to the action."
Gen. Refractories Co., 500 F.3d at 313 (emphasis in original).
Joinder is not required simply because absent parties may be
affected by the judgment if the absent parties' interests are
already "fully represented by parties present."  Owens-Illinois,
Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1191 (3d Cir. 1979)
(citing 3A James Wm. Moore et al., Moore's Federal Practice
¶ 19.07-1 (2d ed. 1979)).  To decide if an existing party
adequately represents the interests of an absent party, the
court "should consider if that party's interests, capability and
disposition are such that it can be relied upon to assert any
argument which the absent party would logically make, and
whether the absent party would bring some element to the
proceedings which would otherwise be neglected."  Aerolink
Int'l, Inc. v. Colonial Parking, Inc., No. 96-1130, 1996 WL
482915 at *5 (E.D. Pa. Aug. 21, 1996).

If a court finds that absent parties are necessary and
therefore should be joined but joinder is not feasible because
it would destroy diversity of citizenship, the court must

determine whether the absent parties are "indispensable."  Gen. Refractories Co., 500 F.3d at 312.  If the absent parties are indispensable, the action cannot go forward without their joinder.  Id.

Warren Hill avers that SFR transferred its assets to defendants, all of which are ultimately owned and controlled by Ginsberg, Harris, and Gorovitz, who also own and control SFR. One such transfer of assets included a transfer of SFR's 45 percent interest in BSF to AHG Group Holdings, LLC, HFP Investors, LLC, and Gorovitz Family Limited Partnership.

Defendants allege in their motion that BSF must be joined as a party to this action since the outcome of this litigation will directly impair the ability of BSF and its members to protect their legal interests.  Specifically, defendants claim that any transfer of interest in BSF back to SFR or to Warren Hill will have adverse tax consequences and will affect the control BSF members exert over such transfers pursuant to their operating agreement.

The court recognizes that BSF may be affected by the outcome of this litigation, but that does not mean it is a necessary party which must be joined in this action.  See Owens-Illinois, Inc., 610 F.2d at 1191.  The parties already named in this action adequately represent the interests of BSF and its members.  SFR transferred its interest in BSF to AHG Group

-6-

Holdings, LLC, HFP Investors, LLC, and Gorovitz Family Limited Partnership, all of which are named defendants in the amended complaint.  These transferees have a strong financial interest in preserving their asset and vigorously defending it from any loss.  Based on their interest in BSF, defendants can reasonably be relied upon to make any argument that BSF would make on its own to protect that interest.  Defendants have not demonstrated anything in their motion that BSF brings to this action that the interests of the other defendants do not already represent.

BSF is not a necessary party to this action.  The court therefore need not decide whether BSF is an indispensable party.  Since joinder of BSF and its non-diverse member are not necessary, the court retains subject matter jurisdiction over this action.  Accordingly, the motion of defendants to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(7) for failure to join an indispensable party under Rule 19 will be denied.