```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC                  :        CIVIL ACTION
                                  :
        v.                        :
                                  :
NEPTUNE INVESTORS, LLC, et al.    :        NO. 20-452
```

MEMORANDUM

Bartle, J.                                          May 19, 2021

Before the court is the motion of defendants pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this case for lack of subject matter jurisdiction and pursuant to Rule 12(b)(7) on the ground that plaintiff had failed to join non-diverse indispensable parties as required by Rule 19. The entities which defendants claim are indispensable to this action are Bluestone Capital Markets ("BCM") and Healthcare Finance LLC ("HCF").

Plaintiff Warren Hill LLC ("Warren Hill") has sued defendants Neptune Investors LLC, AHG Group LLC, AHG Group Holdings LLC, HFP Investors LLC, Gorovitz Family Limited Partnership, Gene Harris, and CHGO Real Estate Consulting Group LLC ("defendants") in this diversity action under the Pennsylvania Uniform Voidable Transactions Act, 12 Pa. C.S. §§ 5101 et seq. ("PUVTA"), and for unjust enrichment. Warren Hill claims that SFR Equities LLC ("SFR") fraudulently

transferred assets to defendants so as to undermine SFR's ability to pay the earlier judgment of $6,226,688.19 entered by this court against SFR and in favor of Warren Hill in Warren Hill, LLC v. SFR Equities, LLC, Civil Action No. 18-1228. Warren Hill seeks to recover from defendants in this action the amount due from SFR.

I

Warren Hill filed a complaint in the underlying action against SFR on March 23, 2018 for breach of contract. As set forth in more detail in the court's decisions in Warren Hill, LLC v. SFR Equities, LLC, Warren Hill claimed that SFR had violated the terms of the "Membership Interest Purchase Agreement" ("MIPA") between the two parties governing the sale to SFR of Warren Hill's stake in a company called Vendor Assistance Program, LLC ("VAP") by failing to pay Warren Hill the full obligation it owed under the MIPA.

On July 23, 2019, this court granted summary judgment in the underlying action in favor of Warren Hill on the issue of liability on the ground that SFR had not paid its full amount due to Warren Hill under the MIPA. On December 3, 2019, the court granted summary judgment in favor of Warren Hill as to damages and ordered SFR to pay $6,226,688.19 to Warren Hill. This court also entered declaratory judgment in favor of Warren Hill and ordered SFR to pay 16.623% of all funds for 2016, 2017,

and 2018 not yet received by VAP. The Court of Appeals affirmed. <u>Warren Hill, LLC v. SFR Equities, LLC</u>, Appeal No. 20-1026 (Feb. 16, 2021).

Warren Hill brings this present suit against defendants to collect the judgment entered in the underlying action. For present purposes, we accept as true all of Warren Hill's well-pleaded facts. During the course of the underlying litigation, SFR transferred almost all of its assets to defendants. Defendants, as well as SFR, are all affiliated entities within the AHG Group universe. Defendant Gene Harris, along with Alan Ginsburg and Aaron Gorovitz, is the owner and manager of defendant AHG Group LLC ("AHG Group") which in turn owns and controls defendant Neptune Investors LLC ("Neptune"). Neptune is the parent company and sole owner of SFR. Thus, Harris, Ginsburg, and Gorovitz are the ultimate beneficiaries of both SFR and Neptune.

Defendant HFP Investors LLC ("HFP") is solely owned and managed by Harris. Defendant Gorovitz Family Limited Partnership ("Gorovitz Family") is owned by Gorovitz. Defendant AHG Group Holdings LLC ("AHG Group Holdings") is owned by Ginsburg and managed by Harris, Ginsburg, and Gorovitz.

Defendant CHGO Real Estate Consulting Group LLC ("CHGO") was owned equally by SFR and BFH Investments LLC

("BFH") until SFR assigned its interest in CHGO to Neptune. CHGO partially owns VAP and BCM.

Warren Hill challenges six transactions made by SFR as fraudulent under the PUVTA. Defendants deny that any transfer was improper. One such transaction concerns a loan SFR made to BCM on October 10, 2019 for $2,000,000 allegedly in exchange "for value received." BCM has not yet paid any interest or principal on the loan, which matures on December 31, 2022.

Warren Hill also contests as fraudulent a debt that SFR forgave from HCF in December 2019. David Reape, CEO of HCF, testified at his deposition in this matter that HCF made the decision in early 2019 to dissolve and wind down its liabilities. The only liability it did not pay was a loan that SFR had extended to it for $530,000.

Defendants now seek to join BCM and HCF as indispensable parties to this action and further aver that joinder will destroy this court's diversity jurisdiction. Warren Hill's members are all citizens of Pennsylvania. BCM is a Florida limited liability company. One of its members, NAI Ark Funding LLC ("NAI"), has a member, David Reape, who is a citizen of this Commonwealth. NAI is also a member of HCF, an Illinois limited liability company. If the court finds that BCM or HCF should be joined in this action as an indispensable party, the court's subject matter jurisdiction based on complete

diversity of citizenship would be destroyed.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

Defendants previously filed a motion to dismiss[1] in this action for failure to join Bluestone Finance LLC ("BSF") as an indispensable party.  That motion was based on a transaction made on March 28, 2018, two days after SFR accepted service of the complaint in the underlying action, in which SFR transferred its 45% interest in BSF to defendants AHG Group Holdings, HFP, and Gorovitz Family.  The BSF transfer is one of the six transactions Warren Hill contests as fraudulent in this action.  In an opinion dated October 22, 2020, this court found that BSF is not a necessary party to this action and consequently denied the motion of defendants to dismiss this action for failure to join an indispensable party under Rule 19.  See Doc. #77.

II

In deciding a motion to dismiss under Rule 12(b)(7) for failure to join a party under Rule 19, a court must first determine whether a party is necessary under Rule 19(a) before determining whether it is indispensable under Rule 19(b). Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312

---

1. Defendants improperly filed their initial motion as a motion for summary judgment. See Ricci v. State Bd. of Law Examiners, 569 F.2d 782, 784 (3d Cir. 1978).  The court construed the motion as if properly denominated under Rule 12(b)(1) and Rule 12(b)(7) and denied the motion on October 22, 2020.

5

(3d Cir. 2007). Rule 19(a)(1) provides that a person whose joinder would not deprive the court of subject matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> - (i) as a practical matter impair or impede the person's ability to protect the interest; or
> - (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Whether an absent party is necessary to the present action under Rule 19(a)(1)(A) is limited to an "inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial." Gen. Refractories Co., 500 F.3d at 313. If the court can grant complete relief among the present parties, an absent party is not necessary to the action, but if only "partial or 'hollow'" relief can be granted a party should be joined under Rule 19(a)(1)(A). Id. at 315.

A court may also find an absent party necessary under Rule 19(a)(1)(B). Unlike subsection (a)(1)(A), this subsection "requires the court to take into consideration the effect that resolution of the dispute among those parties before it may have on any absent parties." Id. at 316. A party must have more than a mere financial interest in the outcome of the litigation for it to claim an interest in the subject matter. See Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005). In addition, our Court of Appeals explained that the language "as a practical matter" in Rule 19(a)(1)(B)(i) "has a restrictive as well as an expansive side. The fact that the absent person may be affected by the judgment does not of itself require his joinder if his interests are fully represented by parties present." Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1191 (3d Cir. 1979).

An absent party that meets the criteria of either Rule 19(a)(1)(A) or Rule 19(a)(1)(B) is deemed to be a necessary party and must be joined if feasible. Gen. Refractories Co., 500 F.3d at 312. Should a court determine that an absent party is necessary under Rule 19(a) and joinder is not feasible, it must next decide whether that party is indispensable under Rule 19(b). Id. at 312. The court need not determine that a party is indispensable if the absent party is not first found to be necessary. Id.

Rule 19(b) provides that:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.
>
> The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

These four factors are "not exhaustive" but are "the most important considerations." Gen. Refractories Co., 500 F.3d at 319.

### III

Defendants argue that BCM and HCF are necessary and indispensable under Rule 19 and must therefore be joined in this action. In its amended complaint, Warren Hill seeks monetary relief against defendants jointly and severally in the amount of the value of the assets fraudulently transferred. Warren Hill also seeks injunctive relief voiding the contested transactions between SFR and BCM and HCF, among others, and transferring the

assets back to SFR for conveyance to Warren Hill to cover in part the underlying judgment.

Defendants claim that BCM and HCF each has a legally protected interest in this matter as recipients of a loan and debt forgiveness from SFR, respectively, and are necessary parties as transferees in two of the transactions Warren Hill claims are fraudulent. Defendants posit that without BCM and HCF as parties in this matter this court cannot grant full relief to Warren Hill because it cannot undo the BCM loan or the forgiveness of HCF's debt without both as parties to this suit.

Significantly, Warren Hill has now withdrawn the request for injunctive relief involving a non-party and seeks only monetary relief against the existing defendants to cover the underlying judgment.[2] Warren Hill no longer asks the court to unwind the fraudulent transfer to BCM or HCF or to require BCM or HCF to disgorge any assets.

Warren Hill asserts that a money judgment against defendants will not affect BCM or HCF since defendants claim they have ample assets to pay the relief sought. Warren Hill also argues that neither BCM nor HCF has sought to intervene in this matter. In fact, BCM has actively fought involvement in

---

2. In its brief in opposition to defendants' motion to dismiss, Warren Hill stipulates that "it will not seek, as part of this action, any equitable unwinding as to the BCM and HCF transfers" and that it "seeks money damages."

9

this and the earlier related litigation through its opposition to discovery responses and deposition testimony.[3]

At the outset we note that defendants, not BCM or HCF, filed this motion seeking to join indispensable parties.[4] Although Rule 19 does not specify who may move to join a party as indispensable, our Court of Appeals has allowed parties to argue that non-parties are indispensable and has upheld motions to dismiss made by present parties based on failure to join absent indispensable parties under Rule 19. See e.g., Tullett Prebon PLC v. BGC Partners, Inc., 427 F. App'x 236 (3d Cir. 2011); see also Gen. Refractories Co., 500 F.3d at 306.

---

3. Counsel for BCM moved to quash Warren Hill's subpoena for documents from BCM in the underlying litigation. See Warren Hill, LLC v. SFR Equities, LLC, Civil Action No. 18-1228 (Doc. #27). In an order dated August 8, 2018, this court granted BCM's motion and quashed the subpoena without prejudice. In addition, in this pending matter counsel for David Reape, CEO of BCM and HCF, filed a motion to quash Warren Hill's subpoena for Reape's deposition testimony. (Doc. #56). In an order dated August 20, 2020, this court granted the motion to quash in part and denied it in part by permitting counsel for Warren Hill to ask Reape questions only on topics that were not raised in his previous depositions. According to Warren Hill, Reape also refused to testify live during the preliminary injunction hearing.

4. Defendants aver that BCM and HCF have claimed an interest in this matter by and through their majority owners, CHGO and SFR. CHGO, a defendant in this action, owns 52.63% of BCM. SFR and CHGO together own 82.8% of HCF. SFR is not a party in this action. Counsel for defendants, however, does not claim to represent BCM or HCF, and defendants do not make any representations that BCM or HCF authorized this motion on their behalf.

Although not dispositive when deciding joinder under Rule 19, we note that neither BCM nor HCF claims an interest on behalf of itself in this litigation.

We first evaluate defendants' claims that BCM and HCF are necessary parties under Rule 19(a). Our analysis under Rule 19(a)(1)(A) requires an evaluation of the relief Warren Hill seeks in this matter and whether it can be granted solely among existing defendants.

As previously stated, Warren Hill brings this action seeking payment of the judgment in the underlying action. Should there be a judgment in this matter in Warren Hill's favor, this court would be fully capable of granting complete relief among the parties already named as defendants. Under Rule 19(a)(1)(A) we need not even consider any impact on BCM or HCF of a monetary judgment against defendants. See Gen. Refractories Co., 500 F.3d at 313.

Defendants argue BCM and HCF are necessary parties as transferees in two of the alleged fraudulent transactions since a district court in this district determined in Universal Computer Consulting, Inc. v. Pitcairn Enterprises, Inc. that both the transferor and transferee under the PUVTA "are necessary parties to a fraudulent transfer action." 2005 WL 2077269, *15 (E.D. Pa. Aug. 26, 2005). However, that case based its finding on Soffee v. Hall, a Pennsylvania Supreme Court case

11

in which the Supreme Court declined to compel a non-party to reconvey the property that was the subject of the suit since that entity was not a party to the action. See 105 A.2d 144, 146 (Pa. 1954).

As previously discussed, Warren Hill does not seek in this action to unwind the alleged fraudulent transfer to BCM or to HCF. Therefore, in this circumstance, we find that the transferees of the alleged fraudulent transfers are not necessary to grant complete relief among the present parties. See Sugartown Worldwide LLC v. Shanks, 2015 WL 1312572, *13 (E.D. Pa. March 24, 2015).

In addition, Warren Hill seeks monetary relief jointly and severally among the named defendants. Our Court of Appeals has found that complete relief can be granted among named defendants when defendants are held jointly and severally liable in Pennsylvania. Gen. Refractories Co., 500 F.3d at 314. As this court is capable of granting complete relief, if warranted, to Warren Hill among the named defendants, BCM and HCF are not necessary parties under Rule 19(a)(1)(A).

Neither BCM nor HCF is a necessary party under Rule 19(a)(1)(B). Since Warren Hill does not now seek to undo the loan to BCM or the debt forgiveness to HCF, neither entity has an interest in this matter pursuant to Rule 19(a)(1)(B)(i) that will be impaired or impeded by any disposition of this action.

It will not make a meaningful difference to BCM how this action turns out. Moreover HCF has been dissolved, and a judgment in this action will not affect the debt forgiveness SFR extended to HCF before dissolution.

Defendants make no arguments that BCM or HCF is a necessary party pursuant to Rule 19(a)(1)(B)(ii), and there is nothing before this court regarding risks to any of the named parties of multiple litigation that would support joinder under this provision. Accordingly, BCM and HCF are not necessary parties under Rule 19(a).

                                IV

A finding that an absent party is necessary under Rule 19(a) is a "necessary predicate to a district court's discretionary determination under Rule 19(b) that it must dismiss a case because joinder is not feasible." <u>Gen. Refractories Co.</u>, 500 F.3d at 313. As stated above, BCM and HCF are not necessary parties to this action so that their joinder is not required. However, even if BCM and HCF were necessary, their joinder would still not be required because they are not indispensable under Rule 19(b). Rule 19(b) requires that the court consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" when joinder is not feasible. As previously stated, joinder is not feasible in this action because it would

13

destroy diversity and thus divest this court of subject matter jurisdiction.

To determine whether BCM and HCF are indispensable the court looks to the factors outlined in Rule 19(b). The first consideration is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). This factor "overlaps considerably with the Rule 19(a) analysis." Gen. Refractories Co., 500 F.3d at 320. As discussed above, judgment in this action granting monetary relief to Warren Hill to recover the judgment in the underlying action would not adversely affect or prejudice BCM or HCF since a monetary judgment will not revoke SFR's loan to BCM or debt forgiveness to HCF. Even if defendants sought contribution from absent parties for any monetary judgment imposed in this matter, that "does not render that absentee indispensable pursuant to Rule 19." Id.

Warren Hill has withdrawn any request for injunctive relief that would void these transactions with respect to BCM or HCF. Thus, the second factor regarding "the extent to which any prejudice could be lessened or avoided" is irrelevant since a monetary judgment would not prejudice BCM or HCF. See Fed. R. Civ. P. 19(b)(2). The third consideration is "whether a judgment rendered in the person's absence would be adequate." See Fed. R. Civ. P. 19(b)(3). "[T]his element allows the court

to consider whether the relief it grants will prove an adequate remedy for the plaintiff." Gen. Refractories Co., 500 F.3d at 320-21. As we have explained, this court is capable of granting adequate relief to Warren Hill without joinder of BCM or HCF.

Finally, a court should consider "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." See Fed. R. Civ. P. 19(b)(4). Warren Hill would be able to bring this suit in state court should we dismiss this case for lack of jurisdiction due to the failure to join indispensable parties. However, on balance, the factors outlined in Rule 19(b) weigh against joinder of BCM and HCF. Neither BCM nor HCF is indispensable to this action. Therefore joinder is not required.