```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC                :      CIVIL ACTION
                                :
          v.                    :
                                :
NEPTUNE INVESTORS, LLC, et al.  :      NO. 20-452
```

MEMORANDUM

Bartle, J.                                           May 24, 2021

Before the court is the motion of plaintiff Warren Hill LLC ("plaintiff") for partial summary judgment as to liability pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Warren Hill has sued defendants Neptune Investors LLC, AHG Group LLC, AHG Group Holdings LLC, HFP Investors LLC, Gorovitz Family Limited Partnership, Gene Harris, and CHGO Real Estate Consulting Group LLC ("defendants") in this diversity action under the Pennsylvania Uniform Voidable Transactions Act, 12 Pa. C.S. §§ 5101 et seq. ("PUVTA"), and for unjust enrichment.  Warren Hill seeks to recover assets from defendants that it claims SFR Equities LLC ("SFR") fraudulently transferred to defendants to avoid paying the judgment in an underlying case between Warren Hill and SFR.  See Warren Hill, LLC v. SFR Equities, LLC, Civil Action No. 18-1228.

On December 15, 2020 the court, after a hearing, granted a preliminary injunction in this action in favor of Warren Hill and enjoined defendants from transferring or otherwise alienating assets with the value of $8,523,630 without approval of the court unless defendants chose to post a security bond in the same amount. See Doc. #98. The court found that Warren Hill had a reasonable probability of success on the merits and that Warren Hill would be irreparably harmed without the entry of a preliminary injunction as defendants were reasonably likely to dissipate their assets. Moreover, the harm to Warren Hill without injunctive relief would outweigh any harm to defendants if such relief were granted. Finally, the court's decision served the public interest. See Reilly v. City of Harrisburg, 858 F.3d 173, 176-79 (3d Cir. 2017).

Warren Hill now moves for summary judgment on liability under the PUVTA based in part on the court's findings and conclusions in granting the preliminary injunction. Our Court of Appeals has made clear that it is inappropriate for a district court to consider on summary judgment the credibility findings it made when it decided a motion for preliminary injunction. Country Floors, Inc. v. A P'ship Composed of Gepner & Ford, 930 F.2d 1056, 1061 (3d Cir. 1991). As the Court of Appeals has explained, "the considerations that determine a

motion for preliminary injunction are foreign to those that govern decision on a motion for summary judgment." Id. at 1062.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant has the initial burden of showing an absence of genuine issues of material fact. Celotex, 477 U.S. at 323. We must view the facts and draw all inferences in favor of the nonmoving party. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). Under the requirements of Rule 56, "credibility evaluations are inappropriate in deciding a motion for summary judgment." Country Floors, Inc., 930 F.2d at 1061.

Part of the dispute between the parties at the preliminary injunction hearing concerned the conflicting testimony of their respective experts on the solvency of SFR as a result of the disputed transactions. In deciding to grant preliminary injunction against defendants, the court found credible the testimony of Warren Hill's expert, Jeffrey Buchakjian, that SFR was insolvent as of January 1, 2018. It found the contrary testimony of defendants' expert, Kevin Couillard, not to be credible. Since that time this court has

3

ruled that Couillard's testimony will not be precluded at trial under Rules 702 and 703 of the Federal Rules of Evidence. See Doc. #127; see also Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). At that juncture it will be for the jury to decide on his credibility. The court may not resolve on summary judgment disputes between experts on relevant factual issues. See Fed. Labs., Inc. v. Barringer Research Ltd., 696 F.2d 271, 274 (3d Cir. 1982). As there are factual disputes regarding the solvency of SFR, genuine disputes of material facts exist in this matter for the jury to resolve.

There are also genuine disputes of material facts with respect to other evidence relevant to whether defendants engaged in actual or constructive fraud. It is not for the court to "weigh the evidence and determine the truth of the matter itself." Country Floors, Inc., 930 F.2d at 1062. Again, it is a matter for the jury to decide.