IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC               :        CIVIL ACTION
                               :
            v.                 :
                               :
NEPTUNE INVESTORS, LLC, et al. :        NO. 20-452

MEMORANDUM

Bartle, J.                                      June 30, 2021

            Warren Hill has sued defendants Neptune Investors LLC,
AHG Group LLC, AHG Group Holdings LLC, HFP Investors LLC,
Gorovitz Family Limited Partnership, Gene Harris, and CHGO Real
Estate Consulting Group LLC ("defendants") in this diversity
action under the Pennsylvania Uniform Voidable Transactions Act,
12 Pa. C.S. §§ 5101 et seq. ("PUVTA"), and for unjust
enrichment.  Warren Hill seeks to recover assets from defendants
that it claims SFR Equities LLC ("SFR") fraudulently transferred
to defendants to avoid paying the judgment in an underlying case
between Warren Hill and SFR.  See Warren Hill, LLC v. SFR
Equities, LLC, Civil Action No. 18-1228.

            On December 15, 2020 the court, after a hearing,
granted a preliminary injunction in this action in favor of
Warren Hill and enjoined defendants from "selling, transferring,
encumbering, dispersing, secreting away, or otherwise alienating
assets with the value of $8,523,630 without approval of this

Court." See Doc. #98.[1]  Before the court is the motion of defendants for partial relief from this preliminary injunction based on changed circumstances.

In granting the preliminary injunction, this court found that Warren Hill had a reasonable probability of success on the merits and that Warren Hill would be irreparably harmed without the entry of a preliminary injunction as defendants were reasonably likely to dissipate their assets.  Moreover, the harm to Warren Hill without injunctive relief would outweigh any harm to defendants if such relief were granted.  Finally, the court's decision served the public interest.  See Reilly v. City of Harrisburg, 858 F.3d 173, 176-79 (3d Cir. 2017).

Defendants now seek to modify that injunction. Warren Hill opposes the motion.

I

We have already extensively set forth the facts of this case in previous opinions.  In summary, Warren Hill brought

---

1.  The preliminary injunction also requires that defendants file an affidavit with the court identifying the assets set aside and their value and regularly monitor the value of these assets so that their value does not fall below $8,523,630.  In addition, defendants are instructed to file an affidavit with the court the first week of April, July, October, and January setting forth the value of the assets that have been set aside. So far defendants have promptly filed these quarterly affidavits.  As an alternative to setting aside $8,523,630 in assets, defendants were permitted to file a security bond in the same amount with the court.  The defendants have so far declined to do so.

suit in the underlying action in 2018 and alleged that SFR had breached its contract by failing to pay Warren Hill what SFR owed it pursuant to an agreement between the parties after Warren Hill sold its interest in another company, Vendor Assistance Program ("VAP"), to SFR effective January 1, 2016. Part of the agreement was for SFR to pay Warren Hill a portion of VAP's income and reserve for 2016, 2017, and 2018. VAP's income derives from accounts receivable it purchased through the Vendor Payment Program ("VPP") that the State of Illinois ("State") set up to ensure its vendors are promptly compensated. Since the State cannot pay its debts on time, qualified purchasers such as VAP pay vendors what the State owes. The State at a later time repays the qualified purchasers with a substantial interest penalty.

On July 23, 2019, this court granted summary judgment in favor of Warren Hill on the issue of liability on the ground that SFR had not paid its full obligation to Warren Hill under the agreement. On December 3, 2019, this court granted summary judgment in favor of Warren Hill as to damages and ordered SFR to pay $6,226,688.19 to Warren Hill and entered declaratory judgment in favor of Warren Hill for 16.623% of all funds not yet released to VAP for 2016, 2017, and 2018. The Court of Appeals affirmed. Warren Hill, LLC v. SFR Equities, LLC, Appeal No. 20-1026 (Feb. 16, 2021).

Warren Hill brings this present litigation alleging that SFR transferred significant assets to defendants to avoid paying what it owes Warren Hill in the underlying litigation. Warren Hill challenges six transfers in particular, one of which involves SFR's transfer of its 50% interest in defendant CHGO Real Estate Consulting Group LLC ("CHGO"). SFR transferred this interest in CHGO to its parent company, Neptune Investors LLC ("Neptune"), also a defendant in this matter.

II

Defendants now seek partial relief from the December 15, 2020 preliminary injunction because Neptune, one of the defendants, has decided it wants to unwind the transfer of its interest in CHGO and return it to SFR. Defendants aver that this transfer was initially made to allow CHGO to pursue new business opportunities which are no longer available because of the COVID-19 pandemic. Defendants assert that there have not been any distributions from CHGO to Neptune since the transfer was made and that SFR will be in the same position once the transfer is unwound that it would have been had the transfer never taken place.

Defendants claim that this 50% interest in CHGO is worth $4,028,585 pursuant to an affidavit filed in this matter by defendant Gene Harris, an owner and manager of multiple defendants and an ultimate beneficiary of SFR and Neptune. That

value consists of loans CHGO has extended to other entities and potential receipts from the State of Illinois through the VPP. Thus, defendants seek to reduce by this amount the total they must set aside pursuant to this court's preliminary injunction.

When modifying a preliminary injunction, a court exercises "the same discretion it exercised in granting or denying injunctive relief in the first place." Favia v. Indiana Univ. of Pa., 7 F.3d 332, 340 (3d Cir. 1993). "In order to prevail on a motion to modify, the movant must establish a change in circumstances that would make the original preliminary injunction inequitable." Id. A motion to modify is not an opportunity for a party to relitigate the original decision to grant injunctive relief. Id.

The burden is on the party seeking to modify the injunction. Id. Our Court of Appeals has explained that it historically has used the standard to modify an injunction that the Supreme Court set forth in United States v. Swift, 286 U.S. 106 (1932), for injunctions which do not involve institutional reform. Id. at 340-41.[2] The Supreme Court determined in Swift that "a party seeking to modify any order or decree should make

_____

2.    Our Court of Appeals in Favia differentiated between orders or consent decrees directing institutional reform and those that do not involve institutional reform. The court then applied the standard set forth in Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992), since the issues in Favia dealt with institutional reform. Favia, 7 F.3d at 340.

'a clear showing of grievous wrong evoked by new and unforeseen conditions.'" Id. at 340 (quoting Swift, 286 U.S. at 119). "Whether a wrong is grievous is decided on the basis of the harm the restrained party will suffer if there is no modification." Id.

Defendants have failed to show a change of circumstances that makes the preliminary injunction inequitable. They merely argue that Warren Hill, its antagonist, will benefit from this modification because Neptune's interest in CHGO will be transferred back to SFR which will presumably allow SFR to pay Warren Hill a portion of the underlying judgment at an undetermined time. In other words, defendants are arguing what is best, not for themselves, but for their opponent. Whether a transaction will benefit the opposing party is not the standard to modify a preliminary injunction. Defendants instead must show that they are suffering harm that is inequitable.

Defendants' only other argument in support of modification is that defendants will be forced to set aside assets well in excess of those allegedly fraudulently transferred by SFR to defendants if the transfer of Neptune's interest in CHGO back to SFR is allowed. The potential future transfer of the 50% CHGO interest back to SFR is not a change of circumstances that warrants modifying the preliminary injunction. Defendants have not provided any evidence or made

6

any arguments to show that refraining from alienating $8,523,630 in assets without prior approval of this court will harm their business in any way so as to make the current injunction inequitable.

Pursuant to the Swift standard, defendants have not shown a grievous wrong done to them by the preliminary injunction as a result of new and unforeseen circumstances. As previously stated, defendants have not offered any evidence that they are harmed by the continuing preliminary injunction. Furthermore, the transfer of Neptune's interest in CHGO is not an unforeseen occurrence. The economic slowdown due to COVID-19 was already quite severe when the parties made arguments before this court before the initial preliminary injunction was entered on December 15, 2020. Accordingly, this court will deny without prejudice the motion of defendants for partial relief from the preliminary injunction.